UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MORRIS B. FAHNBULLEH,<br><br>   Defendant. | Magistrate No. 09-0293<br>DAR |

**MEMORANDUM OPINION**

Defendant is charged by an 11-count criminal complaint with fraud, mail fraud, wire fraud, conspiracy, theft, false statements, interstate transportation of stolen property, and tampering with a witness, victim or informant in violation of 18 U.S.C. §§ 287, 371, 666, 1001, 1031, 1341, 1343, 1349, 1512 and 2314. Criminal Complaint (Document No. 1). The Government's Motion to Exclude Certain Time from Speedy Trial Act Calculation (Document No. 11), and Defendant's Motion to Dismiss Complaint (Document No. 12), are pending for determination by the undersigned. For the reasons set forth herein, the undersigned will deny the government's motion and grant Defendant's motion.

**BACKGROUND**

On May 18, 2009, the United States Attorney sought a warrant for the arrest of Defendant. The warrant was supported by a 24-page affidavit, to which a Special Agent of the United States Agency for International Development swore before the undersigned. The draft arrest warrant and affidavit in support thereof were accompanied by the 11-count complaint. *See* Criminal Complaint and 05/18/2009 Electronic Case Filing ("ECF") entries. Defendant was

United States v. Fahnbulleh                                                                                                          2

arrested on the warrant in New York on July 15, 2009 (*see* 07/15/2009 ECF entry), and first appeared before a judge of this court (Kay, J.) on August 11, 2009.  *See* Return of Warrant for Arrest (Document No. 5); 08/11/2009 Minute Entry.  On August 14, 2009, following the consolidated preliminary hearing and detention hearing conducted on that date, the United States Attorney orally requested that the period from July 15, 2009 – the date of Defendant's arrest on the warrant – through October 16, 2009 – the date of the status hearing scheduled by the court to coincide with the status hearing already scheduled in the case of Defendant's co-defendant – be excluded from the Speedy Trial Act calculation of time within which an indictment must be filed.  *See* 08/14/2009 Minute Entry.[1]  As grounds, the United States Attorney represented that the government was awaiting receipt of evidence from the country of the Republic of Liberia.

  Counsel for Defendant stated that he was aware that the government had requested evidence from the Republic of Liberia in January, 2009.  Defendant's counsel further stated that he was "aware of the provision that allows [the government] up to a year" to secure evidence from a foreign country, but noted that seven months had already passed since the request for evidence was made.  Defendant stated no opposition with respect to an exclusion of time through October 16, 2009, but represented that he would object to any exclusion of time beyond one year from the time the official request for evidence from the Republic of Liberia was made.  The court granted the government's request, expressly limiting the exclusion of time in computing the time within which an indictment must be filed to the period from July 15, 2009 through October 16, 2009.  08/14/2009 Minute Entry. Additionally, the court scheduled a status hearing for October 16, 2009 before the undersigned.  *Id.*

---

[1] At the conclusion of the consolidated preliminary hearing and detention hearing, the court found probable cause, and ordered the Defendant held without bond pending trial.  *Id.*; *see also* Detention Memorandum (Document No. 9).

United States v. Fahnbulleh 3

On October 15, 2009, the United States Attorney filed a Status Report of the Production of Overseas Evidence (Document No. 10).  In it, the United States Attorney represented that the Liberian Minister of Justice advised that "the Solicitor General had at least partially responded to the request by October 8, 2009." *Id*. at 3.  The United States Attorney proposed that another status hearing be scheduled for 60 days "from now[,]" and that "the time from the . . . arrests [of Defendant and his co-defendant] until the date on which the Republic of Liberia responds to the government's request for evidence located in Liberia continue to be excluded from the Speedy Trial calculation in accord with the Court's prior orders." *Id*. at 4.

At the October 16th status hearing, the United States Attorney represented that the government continued to await evidence from the Republic of Liberia, and requested that the time from Defendant's first appearance on August 11, 2009, until the date on which the Republic of  Liberia fully complies with the government's request for evidence, be excluded in computing the time within which an indictment must be filed.  As the basis of the request, the United States Attorney relied upon the same ground offered by the government at the time of Defendant's initial appearance.  Defendant objected to any further exclusion of time, and maintained that by the terms of the August 14, 2009 Order excluding only the period from that day through October 16, the time in which an indictment must be filed would expire at the end of the day.

Because neither the United States Attorney nor counsel for Defendant was prepared to address the authorities applicable to the government's request for a further extension of time within which an indictment must be filed on the ground on which the government relied, the undersigned directed the United States Attorney to file a motion by no later than October 19, 2009. Both the government and the Defendant waived oral argument with respect to the

United States v. Fahnbulleh                                                                                                          4

anticipated motion.

      The government filed a motion in accordance with the undersigned's order.  In it, the United States Attorney maintained that "[t]he government is plainly entitled" to a further exclusion of time, pursuant to 18 U.S.C. § 3161(h)(8), in computing the time within which an indictment must be filed.  Government's Motion to Exclude Certain Time for Speedy Trial Act Calculation at 4.  The United States Attorney represented that "[o]n January 23, 2009, a diplomatic note was transmitted by the United States Embassy in Monrovia, Liberia, to the Republic of Liberia requesting that certain materials be provided to the Department of Justice pursuant to Article 18 of the United Nations Convention against Transnational Organized Crime (UNTOC), to which both countries are parties." *Id.* at 2.  The United States Attorney further represented that "[a]t the present time, the Republic of Liberia is still in the process of responding to the government's request." *Id.*[2]

      In response to the government's motion, the Defendant moved to dismiss the complaint on the ground that "more than thirty days of non-excludable time has elapsed since the Defendant's arrest on July 15, 2009."  Defendant's Motion to Dismiss Complaint at 2.  More specifically, Defendant submitted that the exclusion of the period from July 15, 2009 through August 11, 2009 "was entered in error and contrary to the statute." *Id.*  Defendant submits that in any event, the period of exclusion pursuant to Section (h)(8) which ended on October 16, 2009 expired without an indictment having been returned.  *See id.* at 2-3.

---

    [2]  The undersigned finds that a determination with respect to the date on which the government's request for evidence now in the Republic of Liberia was made, and whether or not such request was "an official request [,]" (*see* Government's Motion to Exclude Certain Time from Speedy Trial Act Calculation (Document No. 6, Exhibit A)), is not required for further consideration of the motions addressed herein.  To the extent which a reviewing court may ultimately find such determinations relevant, the undersigned assumes, without deciding, that the request for evidence now in the Republic of Liberia was made on January 23, 2009, and was "an official request [.]"  *See United States v. Neill*, 940 F.Supp. 332, 336-37, *vacated on other grounds*, 952 F.Supp. 831 (D.D.C. 1996).

United States v. Fahnbulleh                                                                                                  5

The government opposed Defendant's motion, and disputed Defendant's calculation of non-excludable time for the filing of an indictment.  United States' Response to Defendant's Motion to Dismiss Complaint (Document No. 13) at 4-7.

At a status hearing on December 7, 2009, the court (Facciola, J.) determined that both motions were then ripe.[3]

**DISCUSSION**

The Speedy Trial Act of 1974 ("Speedy Trial Act" or "the Act"), 18 U.S.C. § § 3161-3174, limits the time within which an indictment of an individual charged with the commission of an offense shall be filed to a period of 30 days from the date on which such individual was arrested or served with a summons in connection with such offense.  18 U.S.C. §3161(b).  Additionally, the Act limits the time within which trial upon an indictment must commence to a period of 70 days from the date on which the indictment was filed, or from the date on which the defendant appears before a judge of the court in which the charges are pending, whichever is later.  18 § U.S.C. 3161(c)(1).

The Act further provides for the exclusion of certain periods from the calculation of both the pre-indictment 30-day period and the post-indictment 70-day period.  Some such exclusions, by their terms, are mandatory, and are applicable to the calculation of both the 30-day and the 70-day period**.**  *E.g.,* 18 U.S.C. § 3161 (h)(1)(A) (providing for the exclusion of "[a]ny period of delay . . . resulting from any proceeding . . . to determine the mental competency or physical capacity of the defendant[.]").  Another provision, because of inclusion of the term

---

[3] Defendant did not file a reply to the government's response to Defendant's motion, and, as of the December 7th status hearing, the time for doing so had passed.

United States v. Fahnbulleh                                                                                                              6

"continuance" – a term which has no meaning in the context of an exclusion of time from the calculation of the time within which an indictment must be filed – appears to be applicable only to the calculation of the time in which the trial shall commence.  *See* 18 U.S.C. § 3161(h)(7)(A) (providing for the exclusion of "[a]ny period of delay resulting from a continuance granted by a judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").[4]  Thus, the Act "comprehensively regulates the time within which a trial must begin."  *Zedner*, 547 U.S. at 500.

The subsection of the Act on which the government predicates its motion provides for the exclusion of

> [a]ny period of delay, not to exceed one year, ordered by a
> district court upon an application of a party and a finding
> by a preponderance of the evidence that an official request .
> . . has been made for evidence of any such offense and that
> it reasonably appears, or reasonably appeared at the time
> the request was made, that such evidence is, or was, in such
> foreign country.

18.U.S.C. §3161(h)(8).

No judge of this court, nor any panel of the District of Columbia Circuit, has ever addressed the issue presented for determination by the undersigned: to what extent, if at all, does 18 U.S.C. §3161(h)(8) provide for an exclusion of a period of delay of up to one year – over the Defendant's objection – from the calculation of the time within which an indictment must be

---

[4] Subsection (7)(A) further provides that no such period of delay shall be excluded pursuant to the subsection "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see also Zedner v. United States*, 547 U.S. 489, 501 (2006) (observing that "to exclude delay resulting from a continuance-even one 'granted . . . at the request of the defendant - the district court must find that the ends of justice served . . . outweigh the *best interest of the public* and the defendant *in a speedy trial*.'") (emphasis retained).

United States v. Fahnbulleh                                                                                                    7

filed?[5]

     The undersigned has determined that there is a dearth of authority with respect to this issue. No panel of the District of Columbia Circuit, nor any judge of this court, has addressed it in a published opinion; indeed, no judge of any district court appears to have done so. The single published opinion in which the issue is addressed is *United States v. Kozeny,* 541 F.3d 166 (2d Cir. 2008), an opinion of a panel of the Second Circuit, which resolved the issue with an unqualified "no."

     The issue directly presented to the Second Circuit in *Kozeny* did not arise from an appeal of a ruling regarding an application of the Speedy Trial Act; rather, the issue arose from the government's appeal of a judgment of the district court granting the defendant's motion to dismiss certain of the charges on which he had been indicted on the ground that those charges were barred by the statute of limitations. *Kozeny*, 541 F.3d 168. The Second Circuit observed that prior to the return of the indictment, the government had applied for, and been granted, a "suspension" of the applicable statute of limitations pursuant to Section 3292 of Title 18 of the United States Code. *Id.* at 169-170. In pertinent part, that statute provides, subject to limitations enumerated elsewhere in the statute:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the

---

[5] Both the United States and the Defendant address other issues concerning the interpretation by other judges of this court concerning the application of the Speedy Trial Act, including the exclusion in August, 2009 of the period from Defendant's arrest in New York through the date of his first appearance before a judge of this court (*see, e.g.,* Defendant's Motion to Dismiss Complaint at 2-3), and the exclusion of a period of one year in computing the time within an indictment of Defendant's co-defendant must be filed (*see, e.g.,* United States' Response to Defendant's Motion to Dismiss Complaint at 2, 7). However, the undersigned undertakes no review herein of those decisions, and indeed, believes that it is without jurisdiction to do so.

United States v. Fahnbulleh                                                                                                            8

> court finds by a preponderance of the evidence that an
> official request has been made for such evidence and that it
> reasonably appears, or reasonably appeared at the time the
> request was made, that such evidence is, or was, in such
> foreign country.

18 U.S.C. § 3292(a)(1).

The Second Circuit affirmed the judgment of the district court that the "suspension" was invalid because the government's application was filed after the expiration of the limitations period for the offenses then under investigation. *Kozeny,* 541 F.3d at 168, 176. In so doing, the Second Circuit took into account the "'whole act' rule,"

> which "exhorts us to read a section of a statute not 'in
> isolation from the context of the whole Act' but to 'look to
> the provisions of the whole law, and to its object and
> policy.'"

*Id.* at 174-75 (quoting *United States v. Pacheco*, 225 F.3d 148, 154 (2d Cir. 2000) (citation and internal quotations omitted).

The Second Circuit found that "the relevant 'whole act'" was the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, tit. II, 98 Stat. 1837 (1984) ("CCCA"). *Kozeny,* 541 F.3d at 175. The Second Circuit observed that the CCCA amended the United States Code by the addition of, *inter alia,* 18 U.S.C. § 3292, "and 18 U.S.C. § 3161(h)(9), a complementary provision of the Speedy Trial Act." *Id.*[6] The Second Circuit held that Section 3292 of Title 18 "permits an extension of the statute of limitations if a proper application is 'filed *before* return of an indictment.'" *Id.* (supplying emphasis to the citation of 18 U.S.C. § 3292(a)(1)). The Second

---

[6] At the time *Kozeny* was decided, the subsection which provided for the exclusion of a period of delay based upon a finding that an official request has been made for evidence in another country was designated (h)(9). In the course of the 2008 amendments to the Speedy Trial Act, the provision was renumbered (h)(8).

United States v. Fahnbulleh                                                                                                        9

Circuit then determined that

> [t]he Speedy Trial Act provides for a period of time *after* the return of the indictment within which the trial of the defendant on criminal charges contained in that indictment must begin–subject to a variety of exclusions The provision added to the Speedy Trial Act by the CCCA was such an exclusion. It permits a 'period of delay, not to exceed one year,' to 'be excluded . . . in computing the time within which the trial . . . must commence,' if the district court finds that 'an official request, as defined in section 3292 of this title, has been made for evidence' from a foreign country.

*Id*. (quoting 18 U.S.C. § 3161(h)(9).

The Second Circuit then held that

> [i]f it anticipates such a delay *after* the indictment is returned, but before trial, it can separately apply for relief under section 3161(h)(9) of the Speedy Trial Act. *In other words, indictment serves as the dividing line between when the government can turn to section 3292 and when, instead, it must turn to section 3131(h)(9).*

*Id.* at 175 (emphasis of final sentence supplied).

In the absence of authority in this circuit, the undersigned may rely upon an opinion of another circuit where such opinion is well-reasoned and persuasive. *See Horn v. United States Department of the Army*, 284 F.Supp. 2d 1, 9 (district courts, like the circuits, should "give most respectful consideration to the decisions of the other courts of appeals and follow them whenever [they] can[,]" bearing in mind "the interest in maintaining a reasonable uniformity of federal law[.]") (citations omitted); *cf. Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997) (while the court of appeals in one circuit "owes no obedience" to the decisions of a court of appeals in another circuit, "it may find the reasons given for such a decision persuasive, or may be influenced by the accumulation of authority.").

United States v. Fahnbulleh                                                                                                   10

      The undersigned finds that the opinion of the Second Circuit in *Kozeny* is well-reasoned and persuasive. Additionally, the undersigned concludes that were the District of Columbia Circuit to undertake an evaluation of the issue presented here, it too would apply the "'whole act rule" and reach the same conclusion as the Second Circuit. *See, e.g., Baptist Memorial Hospital–Golden Triangle v. Leavitt,* 536 F. Supp. 2d 25, 35 (D.D.C. 2008) ("a section of a statute should not be read in isolation from the context of the whole Act[.]")(citation omitted).[7]

      To the extent a United States Magistrate Judge could be deemed to have discretion to grant a motion of the government for an extension of time in which an indictment must be filed – over a defendant's objection – on the ground that the evidence which the government wishes to present to a grand jury is in another country, the undersigned finds that the government has not sought to demonstrate that such an exclusion would be in the interest of justice and would outweigh the best interests of Defendant and the public in a speedy trial. According to the affidavit in support of the warrant for the arrest of Defendant – presented to the undersigned in May, 2009 – the affiant swore or affirmed that as of that date, there was evidence which supported the 11-count complaint which accompanied the warrant application. *See* Affidavit of Special Agent Acides Evora (Document No. 1, Attachment 1). The affiant testified at the consolidated preliminary hearing and detention hearing in August, 2009 regarding such evidence. *See* Detention Memorandum at 1-2, 4. At no time has the government made any effort to demonstrate that it is unable to seek an indictment of Defendant based upon the evidence on which it relied in the arrest warrant application, and at the

---

[7] In the only district court opinion in which *Kozeny* is cited, that court relied upon the reasoning of *Kozeny*, including the application of the "'whole act' rule[,]" in the consideration of the timeliness of the government's application to suspend the running of the statute of limitations pursuant to Section 3292(a)(1) of Title 18. *See United States v. Brody,* 621 F. Supp. 2d 1196, 1199-1202. However, in *Brody*, the court found no occasion to address the application of Section 3161(h)(8) of the Speedy Trial Act.

United States v. Fahnbulleh                                                                                                                  11

consolidated preliminary hearing and detention hearing.  *See* Status Report of the Production of Overseas Evidence.[8]

In the meantime, Defendant has been held without bond by this court for four months on the charges alleged in the complaint.[9]  Were the undersigned to interpret Section 3161(h)(8) as the United States Attorney requests, Defendant would be detained by this court for an additional eight months while the United States Attorney decides if, and when, to present evidence to a grand jury.  The undersigned finds that this could not possibly be the result which Congress intended; rather the undersigned finds that Congress provided the government with the relief available through a request for the suspension of the running of the statute of limitations where it must await the receipt of evidence from a foreign country before seeking an indictment.  *See Kozeny,* 541 F. 2d at 175.[10]

**CONCLUSION**

For all of the foregoing reasons, the undersigned finds that Section 3161(h)(8) of Title 18 does not provide for the exclusion of time within which an indictment must be filed of any period of delay resulting from an official request for evidence in a foreign country.   As no indictment was filed as of October 16, 2009 – the date on which the period of exclusion ordered on August

---

[8]  The undersigned is mindful that the determination of what evidence will be presented to a grand jury is entirely a matter of prosecutorial discretion which is not reviewable by this court.  However, in the absence of representations – *ex parte* or otherwise – regarding the need for the evidence now in the Republic of  Liberia, the undersigned has no means by which to make a finding that the proposed exclusion of time in which an indictment must be filed is in the interest of justice, and outweighs the best interests of the Defendant and the public in a speedy trial.  *See* n. 4, *supra.*

[9]  During the consolidated preliminary hearing and detention hearing, the United States Attorney represented that the Bureau of Immigration and Customs Enforcement had lodged a warrant as a detainer with the District of Columbia Department of Corrections detention facility.  *See* Detention Memorandum at 3.

[10]  The government has not proffered that it sought to avail itself of this remedy.

United States v. Fahnbulleh                                                                                                         12

14, 2009 expired – "such charge[s] against [Defendant] contained in [the Criminal Complaint] shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).  Accordingly, the Government's Motion to Exclude Certain Time from Speedy Trial Act Calculations will be denied, and Defendant's Motion to Dismiss Complaint will be granted.[11]

December 16, 2009

                                                    /s/
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[11] The dismissal for which the undersigned's order provides is a dismissal without prejudice; indeed, Defendant did not request dismissal with prejudice.